# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHANSAVATH THIPPRACHACK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-196-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Chansavath Thipprachack challenges the sufficiency of the factual basis supporting his guilty plea to the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He contends that the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), calls into question our holding in *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), that the offense does not require knowledge of a firearm's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interstate nexus.  Relying on *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012), Thipprachack additionally contends that § 922(g)(1) is unconstitutional because it exceeds the federal government's power under the Commerce Clause.

Because *McFadden* does not unequivocally direct this court to overrule *Dancy*, "we are not at liberty to overrule our settled precedent." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  Moreover, as Thipprachack concedes, his Commerce Clause argument is foreclosed by *Alcantar*, which rejected a similar challenge to the constitutionality of § 922(g)(1).  *Alcantar*, 733 F.3d at 145-46.

The judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance is DENIED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Its alternative motion for an extension of time is DENIED as unnecessary.